IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SALONDAKA,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, a business entity form unknown; COUNTRYWIDE HOME LOANS, INC., a business entity form unknown; all persons or entities unknown claiming any legal or equitable right, title estate, lien or interest in the property described in this Complaint adverse to Plaintiff's title thereto, and DOES 1 through 25, inclusive,<br><br>    Defendants.<br>_____/ | 2:09-CV-01550-JAM-JEM<br><br><u>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS</u> |

   This matter is before the Court on Countrywide Financial Corporation ("CFC") and Countrywide Home Loans, Inc. ("CHL") (collectively "Defendants'"), motions to dismiss James Salondaka's ("Plaintiff's") Complaint pursuant to Federal Rules

1

of Civil Procedure 9 and 12(b)(6), and Defendants' alternative motion to strike portions of the Complaint pursuant to Federal Rule of Civil Procedure 12(f) ("Motion to Strike").  Plaintiff opposes the Motions.

Plaintiff filed his Complaint on October 14, 2008 in Superior Court alleging sixteen state and federal causes of action related to the foreclosure of a property located at 3871 Iron Wheel Court, Rocklin, CA 95765 ("Subject Property").  See Complaint, Docket # 2, Exh. A.  The action was removed to this Court on June 5, 2009.  Notice of Removal, Docket # 2.

For the following reasons, Defendant's Motion to Dismiss the Complaint is GRANTED.[1]

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff obtained a loan from defendant CHL to finance the purchase of the Subject Property in March 2006.  Complaint, Docket # 2, Exh. A, ¶ 13.  Plaintiff is Trustor of a Deed of Trust executed on June 19, 2006.  Id. at ¶ 1.  During the application process for the loan, CHL allegedly inflated Plaintiff's income to place him in an unaffordable loan, failed to provide a good faith estimate of the cost of the loan, failed to provide certain disclosures concerning adjustable rate

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 78-230(h).

2

mortgages, and misinformed Plaintiff about the interest rate on the mortgage. Id. at ¶¶ 14-17.

Plaintiff defaulted on the loan and Defendants caused to be recorded a Notice of Default with the Placer County Recorder's Office in or around June 2008. Id. at ¶ 19. A sale of the property was scheduled for October 15, 2008. Id. at ¶¶ 19, 25. Plaintiff sent Defendants a letter on October 13, 2008 purporting to cancel the loan agreement pursuant to 15 U.S.C. § 1635, Regulation Z § 226.23. Id. at ¶ 21.

Plaintiff filed this action alleging various fraud claims, breach of fiduciary duty, and negligence, as well as alleging violations of the Truth in Lending Act ("TILA"), the implied covenant of good faith and fair dealing ("Implied Covenant"), the Real Estate Settlement Procedures Act ("RESPA"), and California Civil Code §§ 1916.7, 1920 and 1921. Id. at ¶¶ 28-34, 35-42, 43-46, 47-54. 55-109, 110-116, and 117-125.

Defendants now file these motions seeking to dismiss the Complaint for failure to state a claim and for failure to state fraud claims with the required particularity, and also seeking to strike portions of the Complaint as immaterial. Plaintiff opposes both motions, but does not challenge a number of Defendants' arguments. Plaintiff does not challenge the motion to dismiss the claims for declaratory relief and breach of the implied covenant, but requests leave to amend both claims.

Opposition, Docket # 9, ¶¶ C and D.  Plaintiff also requests leave to amend the quiet title claim and agrees to remove allegations related to punitive damages.  Id. at ¶¶ I and J.

OPINION

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's

mind may be alleged generally." Fed. R. Civ. P. 9(b). A claim of statutory violation that is "grounded in fraud" must also satisfy the particularity requirement of Rule 9(b). <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1103-04 (9th Cir. 2003). A claim is "grounded in fraud" where a plaintiff alleges a course of fraudulent conduct and relies on that course of conduct to lay the basis of a claim. <u>Id.</u>

In general, a court may not consider materials other than the facts alleged in the complaint when ruling on a motion to dismiss. <u>Anderson v. Angelone</u>, 86 F.3d 932, 934 (9th Cir. 1996). The court may, however, consider additional materials if the plaintiff has alleged their existence in the complaint and if their authenticity is not disputed. <u>See</u> <u>Branch v. Tunnell</u>, 14 F.3d 449, 454 (9th Cir. 1994), <u>overruled on other grounds by</u> <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119 (9th Cir. 2002). Here, Plaintiff has attached to his Complaint as Exhibit A his letter purporting to cancel the loan. Complaint, Docket # 2, Exh. A. Defendants have not questioned the validity of this document. Accordingly, the Court will consider this document in deciding Defendants' motions.

Upon granting a motion to dismiss, a court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Absent prejudice, or a strong showing of any [other relevant] factor[], there exists a

5

presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Id. Accordingly, a court should grant leave to amend the Complaint unless the futility of amendment warrants dismissing a claim with prejudice.

    Plaintiff does not challenge Defendants' Motion to Dismiss with respect to his First, Second, and Sixteenth Causes of Action but requests leave to amend. Accordingly, those causes of action will be dismissed without prejudice.

TILA, Third Cause of Action

    An action for damages under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). A TILA violation occurs on "the date of consummation of the transaction," King v. California, 784 F.2d 910, 915 (9th Cir. 1986), and "consummation" means "the time that a consumer becomes contractually obligated on a credit transaction," 12 C.F.R. § 226(a)(13). The doctrine of equitable tolling, however, may "suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the

fraud or nondisclosures that form the basis of the TILA action." King, 784 F.2d at 915.

Here, Plaintiff consummated his loan in March 2006, but his state-court complaint was not filed until October 14, 2008, over one year later. Plaintiff's Complaint, moreover, does not contain any relevant dates or similar information to provide a basis from which to allege equitable tolling. Rather, Plaintiff states in conclusory fashion that, "Any and all statute(s) of limitations relating to disclosure and notices required pursuant to 15 U.S.C. Section 1601, et seq. were equitably tolled due to Defendants' failure to effectively provide the required disclosures and notices." Complaint, Docket # 2, Exh. A, ¶ 38; see also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's TILA claim for damages without prejudice.

Plaintiff's claim under TILA for rescission also fails because it pertains to a "residential mortgage transaction" as that term is defined by TILA. See 15 U.S.C. § 1602(w) ("The term 'residential mortgage transaction' means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the

7

consumer's dwelling to finance the acquisition or initial construction of such dwelling.").

Under TILA, the right to rescind does not extend to residential mortgage transactions such as this one. 12 C.F.R. § 226.23(f); see also 15 U.S.C. § 1635(e)(1) (providing that the "right of rescission" for consumer credit transactions "does not apply to . . . a residential mortgage transaction as defined in section 1602(w)"). Accordingly, because the loan obtained to purchase the Subject Property is expressly exempted from TILA's rescission provision, the Court must dismiss Plaintiff's claim for rescission under TILA with prejudice.

RESPA, Fourth Cause of Action

Plaintiff claims that Defendants failed to provide him with a Good Faith Estimate as required by 12 U.S.C. § 2604(c). However, courts are clear that there exists no private right of action for violation of 12 U.S.C. 2604(c). See Collins v. FMHA-USDA, 105 F.3d 1366, 1368 (11th Cir. 1997) ("there is no private civil action for a violation of 12 U.S.C. § 2604(c)"). Accordingly, this cause of action is dismissed with prejudice.

California Civil Code §§ 1916.7, 1920, and 1921, Fifth and Sixth Causes of Action

In his fifth cause of action, Plaintiff claims that Defendants violated California Civil Code Sections 1920 and 1921

by "failing to meet the requirements" of those sections. Plaintiff fails to sufficiently allege any facts to indicate the nature of the violations. See Iqbal, 129 S.Ct. at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, Plaintiff's fifth cause of action is dismissed without prejudice.

Furthermore, Defendants contend that the Alternative Mortgage Transaction Parity Act (AMTPA) preempts all of Plaintiff's state law statutory claims, including his claim under California Civil Code § 1917.6.  12 C.F.R. 560.220. "Congress enacted the AMTPA with the intention of permitting non-federally chartered housing creditors to engage in alternative mortgage financing under federal law." Hafiz v. Greenpoint Mortage Funding, Inc., No. 09-01729, 2009 U.S. Dist. LEXIS 60818, at *18 (N.D. Cal. July 15, 2009) (citing 12 U.S.C. §§ 3801-3802) (finding that AMTPA preempts disclosure requirement in California Civil Code § 1917.6).  Plaintiff has failed to allege that his loan originated pursuant to Cal. Civil Code § 1917.6 as opposed to AMPTA.  See Pagtalunan v. Reunion Mortg., Inc., No. 09-00162, 2009 U.S. Dist. LEXIS 34811, at * 12 (N.D. Cal. Apr. 8, 2009) ("Defendants note that the majority of adjustable rate mortgage loans in California originate under the federal Alternative Mortgage Transaction Parity Act, ("AMTPA"),

9

12 U.S.C. § 3803(b), which preempts state laws.  Plaintiff fails to allege facts showing that his loan originated under state laws rather than under AMTPA.") (internal citation omitted). Accordingly, Plaintiff's sixth cause of action is dismissed without prejudice.

<u>Fraud Claims, Seventh through Twelfth and Fourteenth Causes of Action[2]</u>

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge and other condition of mind of a person may be averred generally."  Fed. R. Civ. Proc. 9(b).  A claim of fraud must have the following elements: "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."  <u>In re Estate of Young</u>, 160 Cal. App. 4th 62, 79 (2008) (quoting <u>Lazar v. Superior Court</u>, 12 Cal. 4th 631, 638 (1996)) (internal quotation marks omitted). The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties

---

[2] Plaintiff mistakenly included two causes of action numbered "12" and omitted a cause of action "13."

to the misrepresentation." <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1393 (9th Cir. 1988).

Plaintiff has not alleged fraud with the required particularity to state a plausible claim for relief. Specifically, Plaintiff fails to mention any times, places, or identities of parties engaged in the alleged fraud. In his Opposition, Plaintiff relies on <u>Moore v. Kayport Package Express</u>, 885 F.2d 531, 540 (9th Cir. 1989) for the proposition that Rule 9(b) "may be relaxed as to matters within the opposing party's knowledge." However, in this instance, all of the relevant alleged misrepresentations were made directly to Plaintiff. Accordingly, Plaintiff's fraud claims are dismissed without prejudice.

<u>Breach of Fiduciary Duty and Negligence, Fourteenth and Fifteenth Causes of Action</u>

"The elements of a cause of action for breach of fiduciary duty are: 1) the existence of a fiduciary duty; 2) a breach of the fiduciary duty; and 3) resulting damage." <u>Pellegrini v. Weiss</u>, 165 Cal. App. 4th 515, 524 (2008). "A fiduciary duty . . . can arise when confidence is reposed by persons in the integrity of others, and if the latter voluntarily accepts or assumes to accept the confidence, he or she may not act so as to take advantage of the other's interest

without that person's knowledge or consent." <u>Pierce v. Lyman</u>, 1 Cal. App. 4th 1093, 1101-02 (1991).  In the lending context, "financial institutions owe no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its convention role as a mere lender of money."  <u>Nymark v. Heart Fed. Sav. & Loan Ass'n</u>, 231 Cal. App. 3d 1089, 1096 (1991).  Although California law imposes a fiduciary duty on a mortgage broker, no such duty is imposed on a lender.  <u>Price v. Wells Fargo Bank</u>, 213 Cal. App. 3d 465, 476 (1989) ("'A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such.'  The same principle should apply with even greater clarity to the relationship between a bank and its loan customers." (quoting <u>Downey v. Humphreys</u>, 102 Cal. App. 2d 323, 332 (1951)).

Plaintiff fails to allege that Defendants are mortgage brokers as opposed to lenders.  Accordingly, Plaintiff's fourteenth cause of action is dismissed without prejudice.

Similarly, Plaintiff's cause of action is premised on Defendants' duties as a mortgage broker.  Because Plaintiff has failed to allege that Defendants were mortgage brokers as opposed to lenders, his fifteenth cause of action must also be dismissed without prejudice.

ORDER

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED without prejudice as to causes of action 1,2, 3 with respect to the TILA damages claim, and 5-16.  Defendants' Motion to Dismiss is GRANTED with prejudice as to causes of action 3 with respect to the TILA rescission claim and 4.  Plaintiff is hereby ordered to file an amended complaint within twenty (20) days of the issuance of this Order.

IT IS SO ORDERED.

DATED: September 18, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE