MICHAEL J. STEINER (State Bar No. 112079)
JOSHUA E. WHITEHAIR (State Bar No. 244900)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
COUNTRYWIDE HOME LOANS, INC.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

JAMES SALONDAKA,

Plaintiff,

vs.

COUNTRYWIDE HOME LOANS, INC., a business entity form unknown; MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC., a business entity form unknown; KIRSTEN WISE, an individual; JULIE YOUNG, an individual; all persons or entities unknown claiming any legal or equitable right, title estate, lien or interest in the property described in this Complaint adverse to Plaintiff's title thereto, and DOES 1 through 25, inclusive,

Defendants.

Case No.: 2:09-cv-01550-JAM-JEM

**ORDER GRANTING COUNTRYWIDE HOME LOANS, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE**

The Motions of defendant Countrywide Home Loans, Inc. ("Countrywide" or "Defendant") for an order dismissing the First Amended Complaint ("FAC") of plaintiff James Salondaka ("Plaintiff") pursuant to Rules 41(b) and 12(b)(6) of the Federal Rules of Civil Procedure, having been duly noticed and served on all interested parties, came on regularly for hearing before this Court, on January 20, 2010, at 9:30 a.m., the Honorable John A. Mendez



PDF created with pdfFactory trial version www.pdffactory.com

presiding. Reuben L. Nocos, Esq. appeared on behalf of Plaintiff. Joshua E. Whitehair, Esq. appeared for Defendant.

All arguments, papers and evidence considered and good cause appearing, the Court hereby ORDERS as follows:

The FAC was filed two and a half weeks after the filing deadline set by the Court. Plaintiff did not seek leave of court to extend the filing deadline. He has raised and submitted reasons why he was late. But the fact is that he was in violation of the Court's order. And under the Federal Rules of the Civil Procedure 41(b), the Court does have the authority to dismiss the FAC for that reason alone.

The only argument against that is the argument that cases should be decided on the merits. Turning to the merits, in the FAC, there are a number of new allegations that were raised regarding the loan processing which actually hurt rather than help the Plaintiff in his case. Plaintiff is a broker who regularly processed loan applications that were submitted to Defendant. He was not allowed to process his own loan.

Therefore, it was processed by representatives of Defendant, Kristen Wise and Julie Young, who were named for the first time in the FAC but have not been served. Because Plaintiff was in a rush, he chose to drive to the title company, pick up the final loan documents that needed his signature, drive to the notary's office, sign the forms, and then return them to the title company, apparently without bothering to read the loan documents or get copies.

The FAC alleges that neither Wise, Young, nor any representative of Defendant was present when Plaintiff picked up or returned the documents at the title office. Despite this, the FAC goes on to allege that Plaintiff was not given an opportunity to read the documents before signing them, was not given copies, and was unaware of the true terms of the loan. The evidence obviously contradicts that.

The FAC also raises a number of new fraud based claims because of these alleged actions by the Defendant. Defendant has also brought a motion to strike which was not addressed in any way by the opposition. The Court is not going to reach the motion to strike because it grants the motion to dismiss in its entirety for each of the following reasons.



PDF created with pdfFactory trial version www.pdffactory.com

With respect to the Truth in Lending Act ("TILA") claim, Count 1, Plaintiff alleges that the defendants have violated TILA, arguing and alleging that defendants did not provide the required disclosures. This allegation and the vague statement in the FAC are not sufficient to meet the pleading standards of the district courts.

The Court already found Plaintiff's claim also to be time-barred. An action for damages under TILA, the Truth in Lending Act, must be brought within one year of the violation. 15 U.S.C. § 1640(e). A TILA violation occurs on the date of consummation of the transaction. Consummation means the time that a consumer becomes contractually obligated on a credit transaction. The doctrine of equitable tolling may suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action. *King vs. California*, 784 F.2d 910 (9th Cir. 1986).

In order to claim equitable tolling, a plaintiff must allege circumstances showing that he or she could not have discovered the facts underlying the claim through the exercise of reasonable diligence, or that extraordinary circumstances beyond his control made it impossible to file the claim on time.

In this case, Plaintiff fails to allege facts upon which this Court could find equitable tolling. Plaintiff was a broker who regularly processed loans with Defendant, and, therefore, he would have known what disclosures were required by TILA and could have easily checked to see if the disclosures were there or not. Furthermore, Plaintiff alleged that he realized within days that his interest rate was higher than he thought it would be, but he failed to request copies of his loan documents for review for another five months. Higher than expected mortgage bills would put any reasonable person on notice of claims relating to the amount and terms of the loan agreement.

Equitable estoppel is another possible basis for tolling the statute of limitations, but that would require the plaintiff to plead with particularity active misconduct by defendant to prevent the plaintiff from suing in time, actual and reasonable reliance on the misconduct in failing to sue in time, and lack of actual or constructive knowledge of the facts constituting the claim, despite due diligence. *Guerrero vs. Gates*, 442 F.3d 697 (9th Cir. 2006). Plaintiff has not adequately


PDF created with pdfFactory trial version www.pdffactory.com

pled these requirements. He showed no diligence, despite being a broker and signing a $1.8 million loan. He has also not pled any misconduct by Defendant in attempting to prevent him from suing on time. For all these reasons, the TILA claim for damages is dismissed with prejudice.

Count 2 is a rescission or cancellation claim under California Civil Code 1689. Plaintiff is requesting rescission of his loan on the grounds that he was fraudulently induced into entering the loan, but he has failed to allege that he can and will tender the amount he borrowed. Tender is required for rescission, and rescission is a remedy, not a cause of action. *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F.Supp2d.1039 (N.D. Cal. 2009).

Furthermore, where the fraud claims fail, so does the claim for rescission based on fraud. Since all of the fraud claims brought by Plaintiff fail, and for these reasons, this rescission claim is dismissed with prejudice.

The third cause of action is for actual fraud under Civil Code Section 1572. This is one of many fraud based claims which Plaintiff has brought in his FAC. Plaintiff must plead the fraud allegations with the heightened particularity standard of the Ninth Circuit, including differentiating between the actions of multiple defendants. Plaintiff must also plead allegations that are facially plausible and that allow the Court to draw reasonable inferences that the defendant is liable for the misconduct alleged.

The allegations of fraud raised by plaintiff are simply not plausible claims for relief. Plaintiff alleges that terms of the loan were misrepresented and concealed, that he was prevented from reading the loan before signing, and that his income was misrepresented in the loan application documents. However, the interest rate and other loan terms were written on the loan documents, had he bothered to read them. Plaintiff claims that he was prevented from reading them. However, he was the one who picked them up, took them to a notary, and signed them. No representative of Defendant was present. Thus, it isn't plausible that Defendant prevented Plaintiff from reading the documents in his possession. Furthermore, though he claims his income and assets were falsified on the loan application, he signed the application with that allegedly false information. Everything that he claims was fraudulently misrepresented or



PDF created with pdfFactory trial version www.pdffactory.com

concealed was right there in his loan application and loan documents. A person who knows the true facts cannot be said to have reasonably relied on a misstatement of those facts. *Ostayan v. Serrano Reconveyance Co.*, 77 Cal.App.4th 1411 (2000).

The claims for intentional misrepresentation, the fourth cause of action, and for concealment, the fifth cause of action, are also fraud based. And, for the same reasons as the Court's reasons for dismissing Count 3 and the other fraud based claims, these claims, Counts 4 and 5, are dismissed.

Count 6 is a claim under the California Business and Professions Code Section 17200, et seq., unfair business practice. To bring a claim under this section of unfair business practice, the plaintiff must allege some other violation that constitutes an unfair practice. Again, Plaintiff's claim is based on alleged fraudulent behavior by Defendant. Accordingly, just as all the fraud claims fail, this claim fails as well, and it is dismissed.

Count 7 is breach of fiduciary duty. The elements of this claim are: The existence of a fiduciary duty, a breach of that fiduciary duty, and resulting damage. *Pellegrini vs. Weiss*, 165 Cal.App.4th 515 (2008). In the lending context, financial institutions owe no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money. *Nymark vs. Heart Federal Savings & Loan Association*, 231 Cal.App.3d 1089 (1991). Although California law imposes a fiduciary duty on a mortgage broker, no such duty is imposed on a lender. *Price vs. Wells Fargo Bank*, 213 Cal.App.3d 465 (1989). That case holds that a debt is not a trust, and there is not a fiduciary relationship between the debtor and creditor as such. The same principle should apply with even greater clarity to the relationship between a bank and its loan customers. Defendant Countrywide is a lender, not a broker. Plaintiff argues that Defendant was acting like a mortgage broker, which isn't plausible since a broker is hired to negotiate with the lender. And, here, Plaintiff did not hire Defendant to negotiate with itself. This claim is dismissed.

In Count 8, Plaintiff raises a fraud in the execution allegations; namely, that the deed of trust and promissory note were not proper, and that he was misled and did not realize this at the time he signed them. He argues that he did not realize that the deed of trust contained payment



PDF created with pdfFactory trial version www.pdffactory.com

terms or created a legal relationship with Mortgage Electronic Registration Systems, and that he didn't realize that the note was a note. Again, the terms are contained in the documents, which are clearly labeled, and which he signed. Fraud allegations can be contradicted by judicially noticeable documents, and the Court has taken judicial notice of these documents. If Plaintiff had bothered to read the documents, he would have known about the terms, and he can't plausibly claim that he didn't understand what he was signing because he is a broker himself. This general claim of fraud fails for the same reason as the other fraud based claims and is dismissed.

Count 9 is a cause of action to void the contract. This claim is based on the same flawed theory about the terms of the deed of trust and promissory note which the Court previously discussed. And that claim failed, as does this one, and is dismissed.

Count 10 is a claim to void and cancel the deed of trust. This is, again, based on fraud and suffers from the same defect as the other fraud claims in this FAC, and it also is dismissed.

Count 11 is for slander of title. In this claim, Plaintiff alleges that Defendant slandered the property title by recording a notice of default. This, however, is a privileged act. The mailing, publication, and delivery of notice as required by this section constitute privileged communications pursuant to Section 47, citing California Civil Code Section 2924(d)(1). Notice of default is required by Section 2924(a)(1) and (3), and, hence, it is privileged conduct under Civil Code Section 47. There is a split in authority as to whether the privilege is absolute or qualified for nonjudicial foreclosures. However, even if the privilege is only qualified, Plaintiff must show actual malice on the part of defendant in order to evade the qualified privilege. *Kachlon vs. Markowitz*, 168 Cal.App.4th 316 (2008).

Count 12 is to quiet title. But a borrower cannot quiet title without discharging his debt. The cloud upon title persists until the debt is paid. And, again, Plaintiff's claim for quiet title fails if, as in this case, he does not allege that he offered to return the principal amount. *Pagtalunan vs. Reunion Mortgage, Inc.*, 2009 W.L. 961995, *5 (N.D. Cal. Apr. 8, 2009).

The FAC fails to allege Plaintiff offered to tender borrowed amounts or has the ability to so tender, and, therefore, this claim should be dismissed.



PDF created with pdfFactory trial version www.pdffactory.com

For all the reasons stated by the Court, the First Amended Complaint and each and every cause of action set forth therein is dismissed with prejudice. The motion to dismiss is granted in its entirety with prejudice.

IT IS SO ORDERED.

DATED: January 28, 2010

/s/ John A. Mendez____________
United States District Court Judge

Approved As To Form:

/S/ *Reuben L. Nocos*
Reuben L. Nocos, Esq.
Attorney for Plaintiff



PDF created with pdfFactory trial version www.pdffactory.com